[Cite as *In re T.D.*, 2016-Ohio-7729.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

IN RE: T.D.

C.A. No.     15CA0081-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     2015 05 AB 0023

DECISION AND JOURNAL ENTRY

Dated: November 14, 2016

CARR, Presiding Judge.

{¶1}    Appellant, Mario D. ("Father"), appeals from a judgment of the Medina County Court of Common Pleas, Juvenile Division, that adjudicated his minor child dependent and placed her in the temporary custody of Medina County Job and Family Services ("MCJFS"). This Court reverses and remands.

I.

{¶2}    Father is the natural father of T.D., born October 3, 2014. The child's mother ("Mother") did not appeal from the trial court's judgment. Although T.D.'s older half-siblings were parties to the trial court proceedings, they are not parties to this appeal.

{¶3}    On May 14, 2015, Medina Police conducted a search of a home in which T.D. was present with Mother and several other adults and children. Father was not present in the home at that time, but he was also later arrested. At the time of Mother's arrest, the police allowed her to contact a relative to come take T.D. before the police removed Mother from the

home.  Mother called T.D.'s paternal grandmother, who came to the apartment and took T.D. to her home in Cuyahoga County.  The police contacted an intake worker at MCJFS, who followed up with the grandmother the next day.

{¶4}    On May 15, MCJFS made arrangements to meet with the grandmother at her home at 4:30 p.m.  At 3:18 p.m., however, MCJFS filed a complaint to allege that T.D. was an abused, neglected, and dependent child pursuant to R.C. 2151.04(C) because his parents had been arrested in their home on felony drug changes and "[t]here is no known, appropriate custodian to care for the child at this time."  The matter proceeded to adjudicatory and dispositional hearings before the trial judge.

{¶5}    The trial court adjudicated T.D. a dependent child and later entered a dispositional order of temporary custody to MCJFS.  T.D. was placed in the home of the paternal grandmother.  Father appeals and raises one assignment of error.

I.

### ASSIGNMENT OF ERROR

THE TRIAL COURT'S JUDGMENT FINDING THE MINOR CHILD DEPENDENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶6}    Father's sole assignment of error is that the trial court's adjudication of T.D. as a dependent child was not supported by the evidence presented at the adjudicatory hearing.  The trial court adjudicated T.D. a dependent child pursuant to R.C. 2151.04(C), which defines a dependent child as one "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship[.]"

{¶7}    Juvenile abuse, neglect, and dependency cases are commenced by the filing of the complaint.  *See* Juv.R. 22(A); Juv.R. 10; R.C. 2151.27(A).  The complaint is "the legal document that sets forth the allegations that form the basis for juvenile court jurisdiction." Juv.R. 2(F).  The

trial court must base its adjudication on the evidence adduced at the adjudicatory hearing to support the allegations in the complaint. *See In re Hunt*, 46 Ohio St.2d 378, 380 (1976). If allegations in the complaint are not proven by clear and convincing evidence at the adjudicatory hearing, the trial court must dismiss the complaint. Juv.R. 29(F); R.C. 2151.35(A)(1).

{¶8} The complaint in this matter alleged that T.D. was a dependent child because his parents had been arrested in their home on felony drug charges and "[t]here is no known, appropriate custodian to care for the child at this time." At the adjudicatory hearing, MCJFS presented no evidence about the factual basis for the parents' arrests or about any drug activity in the home. Instead, MCJFS attempted to prove that T.D. was a dependent child because there was no appropriate custodian available to care for her.

{¶9} Consequently, the agency bore the burden to prove, by clear and convincing evidence, that the grandmother was not an appropriate custodian for T.D. *See* Juv.R. 29(F); R.C. 2151.35(A)(1). At the adjudicatory hearing, however, no evidence was presented about the suitability of the grandmother or her home. At the time of Mother's arrest, the police allowed the paternal grandmother to take T.D. to her home. The next day, because the grandmother had gone to work and T.D. was with a daycare provider, MCJFS made arrangements to meet with the grandmother at her home at 4:30. More than one hour before that meeting was to occur, however, MCJFS filed a complaint to allege that there was no known, suitable caregiver for T.D. After the complaint was filed, the grandmother was more than two hours late for the scheduled 4:30 meeting.

{¶10} Assuming, without deciding, that the trial court could consider facts that occurred after the complaint was filed, the mere fact that the grandmother was late for a meeting with MCJFS did not establish that she was an unsuitable caregiver for T.D. When the grandmother

returned to her home with T.D., two caseworkers and two police officers were waiting to remove the child. They did not give the grandmother an opportunity to explain why she was late, nor did they attempt to assess the suitability of the grandmother or her home. Instead, they immediately removed the child. Had the grandmother been home at the 4:30 appointment time, however, the caseworker testified that they would have conducted a home study and, if they approved her home, would have allowed T.D. to remain in her home. In fact, MCJFS did later place the child in the grandmother's home.

{¶11} On appeal, MCJFS unsuccessfully attempts to analogize the facts of this case to *In re L.W.*, 9th Dist. Summit Nos. 26861, 26871, 2013-Ohio-5556. In *In re L.W.*, the agency presented detailed evidence about the unsuitability of the caregiver's home. When L.W.'s mother was arrested, she told the caseworker that her child would be cared for by a maternal aunt. The agency discovered that the aunt later contacted a friend to take the child but the mother did not know the friend's full name or her address. When the agency was able to locate the friend, it determined that her home was unsuitable because it was cramped, unsafe, and unsanitary, and the six children living there were not being appropriately supervised. The caseworker testified about several safety hazards in the home and that the children had been locked upstairs without adult supervision. Moreover, the adults living in the home refused to allow her to fully inspect the home or speak with the other children living there.

{¶12} The evidence in this case failed to prove that T.D. was a dependent child under R.C. 2151.04(C). The dependency adjudication hinged entirely on an allegation that the grandmother was an unsuitable caregiver for T.D., yet the agency presented no evidence about the appropriateness of the grandmother or her home. Father's assignment of error is sustained.

III.

{¶13} Father's assignment of error is sustained. The judgment of the Medina County Court of Common Pleas, Juvenile Division, is reversed and remanded.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DEREK CEK, Attorney at Law, for Appellant.

JENNIFER MOORE, Attorney at Law, for Appellee.

MICHAEL CALLOW, Attorney at Law, for Appellee.

ANDREW M. PARKER, Guardian ad Litem.