[Cite as *In re J.Y. A Minior Child*, 2018-Ohio-2405.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106761**

**IN RE: J.Y.**
**A Minor Child**

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-17-117646

**BEFORE:** Jones, J., McCormack, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** June 21, 2018

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Frank Romeo Zeleznikar
        Megan A. Helton
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William Livingston
J. Michael Murray
Berkman, Gordon, Murray & Devan
55 Public Square, Suite 2200
Cleveland, Ohio 44113

Rachel A. Kopec
1360 East 9th Street, Suite 910
Cleveland, Ohio 44114

**For T.Y.**

T.Y., pro se
6715 Daisy Avenue
Independence, Ohio 44131

LARRY A. JONES, SR., J.:

{**¶1**} Plaintiff-appellant, the state of Ohio, appeals the trial court's decision to dismiss its complaint against defendant-appellee, J.Y. For the reasons that follow, we affirm.

{**¶2**} In 2017, the state filed a complaint against J.Y. alleging him to be a delinquent child in Cuyahoga J.C. No. DL-17-117673. A duplicate complaint was filed under Cuyahoga J.C. No. DL-17-117646. Each complaint charged 15 counts of illegal use of a minor in nudity-oriented material or performance, one count of possessing criminal tools, and included a forfeiture specification.

{**¶3**} At the arraignment, the prosecutor advised the court that there were two complaints filed against J.Y. and asked for Case No. DL-17-117646 to be dismissed without prejudice. The prosecutor informed the court that the state's position was that it was necessary to dismiss Case No. DL-17-117646 without prejudice so that the state could proceed on the other case. The court disagreed and dismissed Case No. DL-17-117646 with prejudice.

{**¶4**} The state now appeals, filing one assignment of error for our review:

> I. Absent the finding of a statutory or constitutional violation, the juvenile court was without authority to dismiss the instant complaint with prejudice.

{**¶5**} As an initial matter, the state and J.Y. disagree about whether the state has a right to appeal the dismissal of its complaint.

{**¶6**} R.C. 2945.67 governs appeals by the state and provides:

> (A) A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is

taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case.

**{¶7}** When a juvenile court dismisses a complaint, or part of a complaint, on its own motion, such a dismissal is the equivalent of a decision granting a motion to dismiss under R.C. 2945.67(A). *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 13. Such an order is final, because it affects a substantial right and prevents a judgment on the underlying charges. *Id.* at ¶ 13.

**{¶8}** J.Y. contends that the state may not appeal the trial court's decision to dismiss the case with prejudice as a matter of right and was required to ask this court for leave to appeal. We disagree.

**{¶9}** The interpretation of a statute is an issue of law, which we review de novo. *See, e.g., State v. Vanzandt*, 142 Ohio St.3d 223, 2015-Ohio-236, 28 N.E.3d 1267, ¶ 6. Where, as here, a statute is unambiguous and definite, we must apply the plain meaning of the statute as written. *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, ¶ 20 ("'An unambiguous statute must be applied in a manner consistent with the plain meaning of the statutory language * * *.'"), quoting *State ex rel. Burrows v. Indus. Comm.*, 78 Ohio St.3d 78, 81, 676 N.E.2d 519 (1997).

**{¶10}** Based on the plain meaning of R.C. 2945.67 and the authority of *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 12, the state could appeal the trial court's dismissal of its complaint as a matter of right.

**{¶11}** In its sole assignment of error, the state claims that the trial court erred and abused its discretion when it dismissed Case No. DL-17-117646 with prejudice.

**{¶12}** Generally, the decision to dismiss a complaint is within the sound discretion of the trial court. *In re J.Y.*, 8th Dist. Cuyahoga No. 94410, 2010-Ohio-6162, ¶ 19. A court abuses its discretion by taking action that lacks reason, justification, or conscience. *In re D.S.*, 152 Ohio St.3d 109, 2017-Ohio-8289, 93 N.E.3d 937, ¶ 8, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). The court's discretion is more limited, however, when a complaint or indictment is dismissed with prejudice. Crim.R. 48 governs the procedure for the dismissal of a criminal case by either the state or the court. Crim.R. 48(B) does not provide for a dismissal with prejudice. That said, trial courts have the inherent power to dismiss with prejudice "where it is apparent that a defendant has been denied a constitutional or statutory right, the violation of which would, in itself, bar prosecution." *State v. Walton*, 8th Dist. Cuyahoga No. 87347, 2006-Ohio-4771, ¶ 5, citing *Fairview Park v. Fleming*, 8th Dist. Cuyahoga Nos. 77323 and 77324, 2000 Ohio App. LEXIS 5714 (Dec. 7, 2000).

**{¶13}** In this case, the state claims that the trial court abused its discretion by dismissing the duplicate complaint against J.Y. with prejudice because the court did not first find that J.Y. was denied a constitutional or statutory right. The state contends that had it proceeded under both complaints, the findings of delinquency, if any, would have merged for the purposes of adjudication; therefore, there would not have been any prejudice to J.Y.

**{¶14}** This court has held that a juvenile court's authority to dismiss a complaint with prejudice is implicit in the rules since the rules otherwise provide for dismissals without prejudice. *In re Szymczak*, 8th Dist. Cuyahoga No. 73097, 1998 Ohio App. LEXIS 3413, 6 (July 23, 1998). In *In re Szymczak*, this court reasoned:

> If the General Assembly thought it necessary to make specific provision that a dismissal should be without prejudice, it stands to reason that it did so in order to delineate such a dismissal from a dismissal with prejudice. This action certainly

implies that the General Assembly believed the juvenile courts had authority to dismiss a complaint with prejudice.

*Id.* at 6 – 7.

{¶15} There is no provision in the juvenile rules that guide what a court or the state should do if two identical complaints are pending against the same juvenile. The criminal rules, however, do provide guidance. R.C. 2941.32 states that if "two or more indictments or informations are pending against the same defendant for the same criminal act, the prosecuting attorney must elect upon which he [or she] will proceed, and upon trial being had upon one of them, the remaining indictments or information shall be quashed."

{¶16} We find no error in the trial court's decision to dismiss Case No. DL-17-117646 with prejudice. Contrary to the state's claims, we fail to see how the dismissal of Case No. DL-17-117646 could bar the state's prosecution of Case No. DL-17-117673. The state cites *Tipp City v. Brooks*, 2d Dist. Miami No. 2004-CA-7, 2005-Ohio-3174, where the court stated that "[a] dismissal with prejudice is a complete bar to prosecution on the original citation." *Id.* at ¶ 18. *Brooks* and the other cases the state cites are distinguishable.

{¶17} In *Brooks*, the defendant was cited with driving left of center. That case was dismissed, and a new case was later refiled with an additional citation for a failure to maintain proper lanes. The court found him guilty on both charges at a bench trial. On appeal, the court found that the defendant's initial case had been dismissed with prejudice; therefore, the state was barred from refiling a new case with an identical charge for driving left of center.[1] *Id.* at ¶ 19.

{¶18} In this case, two identical complaints were filed against J.Y. on the same day. When the state requested that Case No. DL-17-117646 be dismissed, the state was not looking to

---

[1] The court also found that the city was barred from citing the defendant with a failure to maintain proper lanes because there was no basis in fact for an additional separate violation. *Brooks* at ¶ 21.

have that one complaint dismissed and then refile a second complaint against J.Y. Case No. DL-17-117673 remained pending after the court dismissed Case No. DL-17-117646.

{¶19} Therefore, we find that the trial court did not abuse its discretion in dismissing Case No. DL-17-117646 with prejudice.

{¶20} The state's assignment of error is overruled.

{¶21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


LARRY A. JONES, SR., JUDGE

TIM McCORMACK, P.J., and
ANITA LASTER MAYS, J., CONCUR