[Cite as *State v. Matthews*, 2021-Ohio-3556.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLANT,               CASE NO.  9-21-12

    v.

JOHN R. MATTHEWS, II,              O P I N I O N

    DEFENDANT-APPELLEE.


Appeal from Marion Municipal Court
Trial Court No. CRB 193051

**Judgment Affirmed**

Date of Decision:   October 4, 2021


APPEARANCES:

    *Terry L. Hord* for Appellant

    *Ryan C. Spitzer* for Appellee

Case No. 9-21-12

**SHAW, J.**

{¶1} The State of Ohio brings this appeal from the March 10, 2021, judgment of the Marion Municipal Court dismissing the complaint against defendant-appellee, John R. Matthews ("Matthews"). On appeal, the State argues that the dismissal of the complaint must be presumed to be without prejudice, which would render the matter, according to the State, not a final appealable order. However, the State argues that in the event we determine there is a final appealable order, the trial court erred by failing to *sua sponte* allow the State to amend the complaint.

*Background*

{¶2} On November 5, 2019, Matthews was charged with violating R.C. 3505.08. This statutory subsection, which deals primarily with proper ballots and sample ballots, reads, in relevant part: "The sample ballots shall not be distributed by a political party or a candidate, nor shall a political party or candidate cause their title or name to be imprinted on sample ballots."

{¶3} The complaint against Matthews simply alleged that on or about October 27, 2019, in the City of Marion, Matthews "did distribute a sample ballot in violation of ORC §3505.08." Pursuant to R.C. 3599.40, a violation of R.C. 3505.08 is a first degree misdemeanor. Matthews pled not guilty to the charge.

{¶4} A visiting judge was assigned to preside over the case. In addition, several months after the case was filed, a Special Prosecutor was appointed to handle the matter.

{¶5} On August 21, 2020, Matthews filed a lengthy motion to dismiss the complaint. In support of his motion, Matthews argued that the complaint failed to allege he was a political party or a candidate, rendering the complaint facially deficient. Furthermore, Matthews argued that even if the allegation had been made, he was not a political party or a candidate for office.

{¶6} In addition, Matthews argued that R.C. 3505.08 conflicted with a more specific statute regulating sample ballots—R.C. 3517.20. Due to the conflicting statutes, he argued that the more specific statute controlled the matter, and that under R.C. 3517.20(B)/(I) the complaint should have first gone to the Ohio Elections Commission.

{¶7} Finally, Matthews argued that R.C. 3505.08 was unconstitutional as it violated his freedom of speech. He contended that the distribution of sample ballots constituted protected political speech. He also argued that the charges violated his equal protection rights because R.C. 3505.08 restricted only candidates and political parties from distributing sample ballots, not any other individuals or entities such as special interest groups.

{¶8} On September 9, 2020, a hearing was held on pending motions including the motion to dismiss.[1]

{¶9} On March 10, 2021, the trial court filed an entry granting Matthews's motion to dismiss. Notwithstanding the various statutory and constitutional issues that had been raised, the trial court determined the charge against Matthews should be dismissed because it failed to allege that he was a political party or a candidate. The trial court determined that the complaint was thus defective for omitting an essential element.[2]  The State now appeals from the dismissal, limiting its appeal to the following assignments of error for our review.

**Assignment of Error No. 1**
**The trial court's order must be determined to be without prejudice which renders the order not a final appealable order.**

**Assignment of Error No. 2**
**Should this appellate court find there is a final appealable order, the trial court committed reversible error when it failed to allow the state to amend the complaint.**

*First Assignment of Error*

{¶10} In the first assignment of error, the State argues that there is no final appealable order in this matter because the trial court's dismissal of the charge must be determined to be without prejudice.

---

[1] The motion hearing was held for Matthews and another defendant, Landon, who had been charged with a violation of R.C. 3505.08 as well.

[2] The trial court also noted that it could find "no case history of the enforcement of this sentence in [R.C. 3505.08(A)]."

{¶11} The Supreme Court of Ohio has determined that, "Pursuant to R.C. 2945.67(A), the state may appeal the dismissal of an indictment *whether the dismissal is with or without prejudice*." (Emphasis added.) *State v. Craig*, 116 Ohio St.3d 135, 2007-Ohio-5752, at syllabus. Although *Craig* specifically addressed *indictments*, the Supreme Court of Ohio was analyzing the State's right to appeal under R.C. 2945.67(A) in reaching its conclusion. Revised Code 2945.67(A) permits a prosecuting attorney to appeal as of right any decision by a trial court "which decision grants a motion to dismiss all or any part of an indictment, *complaint*, or information[.]" (Emphasis added.) Thus the holding in *Craig* would control here, and the matter constitutes a final appealable order. Therefore, the State's first assignment of error is overruled.

*Second Assignment of Error*

{¶12} In the State's second assignment of error, the State contends that if we determine a final appealable order was issued in this matter, the trial court erred by failing to *sua sponte* permit the state to amend the complaint.

Standard of Review

{¶13} Generally, the decision to dismiss a complaint is within the sound discretion of the trial court and it will not be overturned absent an abuse of discretion. *State v. Landers*, 4th Dist. Meigs No. 09CA8, 2010-Ohio-3709, ¶ 4, citing *State v. LaTorres*, 11th Dist. Ashtabula Nos. 2000-A-0060, 2000-A-0062,

2001 WL 901045; *In re J.Y.*, 8th Dist. Cuyahoga No. 106761, 2018-Ohio-2405, ¶ 12. An abuse of discretion is a decision that is arbitrary, unreasonable, or unconscionable. *See*, *e.g.*, *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

Analysis

{¶14} At the outset, we emphasize that the State never requested an opportunity to amend the complaint even though Matthews specifically challenged the adequacy of the complaint in his motion to dismiss. Courts have implied that a trial court does not abuse its discretion by dismissing a complaint where the State demonstrates no prejudice by dismissal. *See Landers*, *supra*, at ¶ 8. Given the record before us, we cannot find that the trial court abused its discretion in declining to *sua sponte* allow an amendment to the complaint. Therefore, the State's second assignment of error is overruled.

*Conclusion*

{¶15} For the foregoing reasons the State's assignments of error are overruled and the judgment of the Marion County Municipal Court is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**