[Cite as *State v. Landon*, 2021-Ohio-3553.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLANT,               CASE NO.  9-21-13

    v.

ROBERT E. LANDON, III,              O P I N I O N

    DEFENDANT-APPELLEE .

Appeal from Marion Municipal Court
Trial Court No. CRB 193052A

Judgment Affirmed

Date of Decision:   October 4, 2021

APPEARANCES:

    *Terry L. Hord* for Appellant

    *Todd A. Anderson* for Appellee

**SHAW, J.**

{¶1} The State of Ohio brings this appeal from the March 10, 2021, judgment of the Marion Municipal Court dismissing the complaint against defendant-appellee, Robert Landon ("Landon"). On appeal, the State argues that the dismissal of the charges must be presumed to be without prejudice, which would render the matter, according to the State, not a final appealable order. However, the State argues that in the event we determine there is a final appealable order, the trial court erred by failing to *sua sponte* allow the State to amend the complaint.

*Background*

{¶2} In 2019, Landon was seeking election as the Marion City Auditor. He was running against an incumbent candidate. On November 5, 2019, the date the election was held, Landon was charged in Marion Municipal Court with a violation of R.C. 3599.43. This statute reads as follows:

> **No person, not authorized by a board of elections, shall send or transmit to any other person any written or oral communication which purports to be a communication from a board of elections, or which reasonably construed appears to be a communication from such a board and which was intended to be so construed.**

The complaint filed against Landon, designated trial court case CRB193052(A), alleged that on or about October 27, 2019, Landon "did send or transmit to another a written communication which purports to be a communication from a board of elections, or which reasonably construed appears to be a communication from such

a board and which was intended to be so construed," in violation of R.C. 3599.43, a first degree misdemeanor. (Doc. No. 1).

{¶3} Landon was also charged in trial court case CRB193052(B) with a violation of R.C. 3505.08. This statutory subsection, which deals primarily with proper ballots and sample ballots, reads in relevant part: "The sample ballots shall not be distributed by a political party or a candidate, nor shall a political party or candidate cause their title or name to be imprinted on sample ballots." The complaint against Landon simply alleged that on or about October 27, 2019, Landon "did distribute a sample ballot, in violation of ORC § 3505.08." (*Id.*) Landon pled not guilty to the charges and demanded a jury trial.

{¶4} A visiting judge was assigned to preside over the case. In addition, several months after the case was filed, a Special Prosecutor was appointed to handle the matter.

{¶5} On August 21, 2020, Landon filed a lengthy motion to dismiss the charges against him.[1] Landon argued that the charges violated his first amendment rights because the distribution of sample ballots constituted protected political speech. He also argued that the charges violated his equal protection rights because R.C. 3505.08 restricted only candidates and political parties from distributing

---

[1] Other motions were filed by both parties, but they are not relevant to this appeal.

sample ballots, not any other individuals or entities such as special interest groups. In addition, he claimed that the charges violated his right to due process.

{¶6} Further, Landon contended that the R.C. 3505.08 conflicted with a more specific statute regulating sample ballots—R.C. 3517.20. He argued that the more specific statute controlled, and that under R.C. 3517.20(B)/(I) the complaint should have first gone to the Ohio Elections Commission.

{¶7} On September 9, 2020, a hearing was held on pending motions including the motion to dismiss.[2] On March 10, 2021, the trial court filed an entry granting Landon's motion to dismiss. Notwithstanding the various statutory and constitutional issues that had been raised, the trial court determined that both counts against Landon should be dismissed because they failed to allege critical elements of the offenses, rendering the complaint facially deficient. The State now appeals from the dismissal, limiting its appeal to the following assignments of error for our review.

**Assignment of Error No. 1**
**The trial court's order must be determined to be without prejudice which renders the order not a final appealable order.**

---

[2] The motion hearing was held for Landon and another defendant, Matthews, who had been charged with a violation of R.C. 3505.08 as well. In addition to the reasons cited in Landon's motion to dismiss, Matthews argued that the charge against him should be dismissed for the reason that he was not a political party or a candidate for office.

**Assignment of Error No. 2**
**Should this appellate court find there is a final appealable order,**
**the trial court committed reversible error when it failed to allow**
**the state to amend the complaint.**

*First Assignment of Error*

{¶8} In the first assignment of error, the State argues that there is no final appealable order in this matter because the trial court's dismissal of the charges must be determined to be without prejudice.

{¶9} The Supreme Court of Ohio has determined that, "Pursuant to R.C. 2945.67(A), the state may appeal the dismissal of an indictment *whether the dismissal is with or without prejudice.*" (Emphasis added.) *State v. Craig*, 116 Ohio St.3d 135, 2007-Ohio-5752, at syllabus. Although *Craig* specifically addressed *indictments*, the Supreme Court of Ohio was analyzing the State's right to appeal under R.C. 2945.67(A) in reaching its conclusion. Revised Code 2945.67(A) permits a prosecuting attorney to appeal as of right any decision by a trial court "which decision grants a motion to dismiss all or any part of an indictment, *complaint*, or information[.]" (Emphasis added.) Thus the holding in *Craig* would control here, and the matter constitutes a final appealable order. Therefore, the State's first assignment of error is overruled.

*Second Assignment of Error*

{¶10} In the State's second assignment of error, the State contends that if we determine a final appealable order was issued in this matter, the trial court erred by failing to permit the state to have an opportunity to amend the complaint.

Standard of Review

{¶11} Generally, the decision to dismiss a complaint is within the sound discretion of the trial court and it will not be overturned absent an abuse of discretion. *State v. Landers*, 4th Dist. Meigs No. 09CA8, 2010-Ohio-3709, ¶ 4, citing *State v. LaTorres*, 11th Dist. Ashtabula Nos. 2000-A-0060, 2000-A-0062, 2001 WL 901045; *In re J.Y.*, 8th Dist. Cuyahoga No. 106761, 2018-Ohio-2405, ¶ 12. An abuse of discretion is a decision that is arbitrary, unreasonable, or unconscionable. *See, e.g.*, *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

Analysis

{¶12} At the outset, we emphasize that the State never requested an opportunity to amend the complaint. Rather, the trial court was presented with a motion to dismiss and the trial court granted the motion, albeit on different grounds than what Landon raised. Courts have implied that a trial court does not abuse its discretion by dismissing a complaint where the State demonstrates no prejudice by dismissal. *Landers*, *supra*, at ¶ 8. On the basis of the record before us we cannot

find that the trial court abused its discretion by declining to amend the complaint *sua sponte*. Therefore, the State's second assignment of error is overruled.

*Conclusion*

{¶13} For the foregoing reasons the State's assignments of error are overruled and the judgment of the Marion County Municipal Court is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**