DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, Patrick McStay, appeals from an order of the Akron Municipal Court entitled "Order Sustaining Magistrate's Decision," which sustains the magistrate's decision awarding Appellee, Don Miller, double the amount of his security deposit; $970.00. Upon review of the record, this Court determines that it lacks jurisdiction to entertain Appellant's appeal. Accordingly, we have no authority to address the merits of Appellant's appeal.
 {¶ 2} Appellee sued his former landlord, Appellant, for the return of his security deposit. Appellant filed a document with the court entitled "friend of the court brief/statement of fact" in which he stated he was no longer the owner of the rental property at issue, and the case was wrongfully filed against him. Appellant did not include a copy of the sales agreement, or any evidence showing that the property was, in fact sold, nor did he include any evidence showing that, if the property was sold, that the new owner had accepted the liability of returning security deposits.
 {¶ 3} The magistrate conducted a hearing on August 13, 2005. Appellant did not appear. On August 22, 2005, the magistrate issued a decision in favor of Appellee. On September 1, 2005, Appellant filed an objection to the magistrate's decision, and again did not attach any evidence. The Akron Municipal Court, on September 15, 2005, upheld the magistrate's decision. However, it did not specifically enter judgment in favor of either party. Accordingly, we find that the order being appealed from is not a final judgment.
 {¶ 4} This Court only has jurisdiction to hear appeals from final appealable orders. R.C. 2505.02; Hodson v. Hodson, 9th Dist. No. 22799, 2006-Ohio-652, at ¶ 4. In order for a judgment to be final and appealable, a trial court cannot merely adopt a magistrate's decision; it must enter its own judgment that sets forth "the outcome of the dispute and the remedy provided."Harkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211,218.
"Adopting the [magistrate's decision] and entering judgment is necessarily a two-step process. The trial court may indicate that it has considered the report, the objections of the parties, and the arguments of counsel, and thereafter may order that the findings of the [magistrate] be adopted by the court. However, this type of recitation alone does not constitute an entry of judgment. The trial court must then enter its own independent judgment disposing of the matters at issue between the parties, such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined." Reiter v. Reiter (May 11, 1999), 3rd Dist. No. 5-98-32, at 1-2, quoting Daly v. Martin (May 14, 1997), 9th Dist. No. 2599-M, at 2.
 {¶ 5} The trial court in this case failed to enter its own judgment. Consequently, the order being appealed from is not a final judgment and we are without jurisdiction to address Appellant's appeal.
Appeal Dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J., Moore, J., concur.