[Cite as *U.S. Bank Natl. Assn. v. Perry*, 2013-Ohio-3814.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99608**

# U.S. BANK NATIONAL ASSOCIATION

PLAINTIFF-APPELLANT

vs.

# WORLEY V. PERRY, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-664469

**BEFORE:**   Blackmon, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**      September 5, 2013

**ATTORNEYS FOR APPELLANT**

Terry W. Posey, Jr.
Scott A. King
Thompson Hine L.L.P.
10050 Innovation Drive, Suite 400
P.O. Box 8801
Dayton, Ohio 45401

**ATTORNEY FOR APPELLEES**

Lawrence J. Rich
Zashin & Rich Co., L.P.A.
55 Public Square
Fourth Floor
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellant U.S. Bank National Association ("U.S. Bank") appeals the trial court's dismissal of its foreclosure action against Worley V. Perry and Dorothy Perry ("the Perrys") and assigns the following error for our review:

**The trial court erred in dismissing the complaint.**

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

### Facts

**{¶3}** This is the second appeal regarding this foreclosure action. In the prior appeal, we reversed the trial court's granting of summary judgment in favor of U.S. Bank on its complaint seeking a foreclosure judgment against the Perrys. We concluded it was not clear whether U.S. Bank had standing at the time it filed the complaint because the prior lender's affidavit attached to the summary judgment did not state that U.S. Bank was the holder of the note or mortgage at the time the complaint was filed and was dated after the complaint was filed. *U.S. Bank Natl. Assn. v. Perry*, 8th Dist. Cuyahoga No. 94757, 2010-Ohio-6171 ("*Perry I*"). Also, the assignment of the mortgage was done on the same day the complaint was filed without any indication whether the assignment was completed prior to the filing of the complaint.

**{¶4}** U.S. Bank appealed our decision to the Ohio Supreme Court because it believed that any issue regarding when the mortgage was assigned was immaterial

because standing could be cured. U.S. Bank also maintained that because it was the holder of the note that was indorsed in blank, it had established interest in the property sufficient to create standing. The Ohio Supreme Court accepted the case and held it for the decision in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214. On December 5, 2012, the Supreme Court affirmed our decision in *Perry I* on the basis of its holding in *Schwartzwald* and remanded the matter to the trial court. *U.S. Bank Natl. Assn. v. Perry*, 134 Ohio St.3d 328, 2012-Ohio-5497, 982 N.E.2d 665.

{¶5} On February 5, 2013, the trial court dismissed the case, stating as follows:

> Pursuant to journal entry and opinion 94757 of the Eighth Appellate District Court of Appeals and the affirmation thereafter by the Ohio Supreme Court, plaintiff did not submit evidence of its ownership of the note and mortgage at the time the complaint was actually filed. As such, the plaintiff lacked the ability to invoke the jurisdiction of the court. This case is dismissed. *See Wells Fargo Bank, N.A., Trustee, Etc. v. Jordan*, Cuyahoga App. No. 91675, 2009-Ohio-1092.[1]

Journal Entry, February 5, 2013.

## Trial Court's Dismissal of the Case

---

[1] As we will discuss further in the opinion, the dismissal according to *Schwartzwald* is without prejudice. Generally, a dismissal without prejudice is not a final appealable order. *Zimmie v. Zimmie*, 11 Ohio St.3d 941, 464 N.E.2d 142 (1984). An order is final, however, if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). The appellant must demonstrate that, in the absence of immediate review of the order, it will be denied effective relief in the future. *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993), *modified on other grounds*, *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 1994-Ohio-324, 635 N.E.2d 331. Here, if we failed to address the appeal, U.S. Bank would be prevented from presenting its argument that the trial court failed to follow our mandate on remand.

**{¶6}** In its sole assigned error, U.S. Bank argues the trial court erred by dismissing the foreclosure complaint. It argues that this case is distinguishable from the *Schwartzwald* and *Jordan* decisions because unlike those cases, it had presented evidence that it was the holder of the note. U.S. Bank also argues that the trial court should have, according to our remand in *Perry I*, allowed additional evidence to be presented regarding standing.

**{¶7}** We review an order dismissing a complaint for failure to state a claim for relief de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44. When reviewing a Civ.R. 12(B)(6) motion to dismiss, we must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 280, 2005-Ohio-4985, 834 N.E.2d 791. But "unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 324, 544 N.E.2d 639 (1989). For a defendant to prevail on the motion, it must appear from the face of the complaint that the plaintiff can prove no set of facts that would justify a court in granting relief. *O'Brien v. Univ. Comm. Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

**{¶8}** In *Schwartzwald*, the Supreme Court held that standing is jurisdictional and must exist when a lawsuit is commenced. The *Schwartzwald* court held that "because [the bank] failed to establish an interest in the *note or mortgage* at the time it filed suit, it had no standing to invoke the jurisdiction of the common pleas court." (Emphasis

added.)  *Schwartzwald*, 134 Ohio St.3d 123, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 28. This court in *Citimortgage, Inc. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, concluded that *Schwartzwald* expanded our holding in *Wells Fargo Bank v. Jordan*, 8th Dist. Cuyahoga No. 91675, 2009-Ohio-1092.  In *Patterson* at ¶ 21, we explained:

> As discussed, the Ohio Supreme Court concluded in *Schwartzwald* that Federal Home Loans did not have standing to invoke the jurisdiction of the common pleas court because "it failed to establish an interest in the note or mortgage at the time it filed suit." (Emphasis added.) *Id.* at ¶ 28. Significant to the court's holding is its deliberate decision to use the disjunctive word "or" as opposed to the conjunctive word "and" when discussing the interest Federal Home Loans was required to establish at the time it filed the complaint. The language depicts an apparent distinction from our holding in *Jordan*, where we held that a party only has standing to invoke the jurisdiction of the court when the plaintiff has offered evidence that "it owned the note *and* mortgage when the complaint was filed." (Emphasis added.) *Jordan* at ¶ 23. In our view,  *Schwartzwald* extends the limitations of our holding in *Jordan* and stands for the proposition that a party may establish its interest in the suit, and, therefore, have standing to invoke the jurisdiction of the court when, at the time it files its complaint of

foreclosure, it either (1) has had a    mortgage assigned or (2) is the holder of the note.

**{¶9}**    Thus, according to *Patterson,* a bank can establish standing by either showing that prior to the filing of the complaint, the mortgage has been assigned to it, or the bank is the holder of the note.[2]    It is not necessary to show both.    Nonetheless, this expanded view of standing does not affect the trial court's decision in the instant case to dismiss the complaint because we had already determined that U.S. Bank was not the holder of the note or the mortgage at the time the complaint was filed.    In its appellee's brief in *Perry I*, U.S. Bank argued this exact issue.    (*See* appellee's brief in *Perry I*, pages 4-14).    We held that the evidence failed to show that U.S. Bank was the holder of the note:

> Here, China's affidavit does not state that U.S. Bank was the holder of the note and the mortgage at the time the complaint was filed.    Accordingly, the trial court did not have evidence to prove that U.S. Bank was indeed the holder of the note and the mortgage at the time the complaint was actually filed.    Accordingly, we find that it appears from the evidence that reasonable minds can come to more than one conclusion.

*Perry I* at ¶ 21.    Therefore, in *Perry I*, we considered whether the evidence established that U.S. Bank was the holder of the note at the time the complaint was filed and concluded that it was not the holder.    U.S. Bank also raised the issue in its motion to

---

[2]*But see Schwartzwald* at ¶ 3 where the Supreme Court held, "receiving an assignment of a promissory note *and* mortgage from the real party in interest subsequent to the filing of an action but prior to the entry of judgment does not cure a lack of standing to file a foreclosure action." (Emphasis added.)

certify a conflict to the Ohio Supreme Court and in its memorandum in support of jurisdiction before the Ohio Supreme Court.

{¶10} "The doctrine of the law of the case * * * establishes that the 'decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" *Pipe Fitters Union Local No.* 392 *v. Kokosing Constr. Co., Inc.*, 81 Ohio St.3d 214, 218, 690 N.E.2d 515 (1998), quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). "An inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan*, 11 Ohio St.3d at syllabus. Thus, the court is bound to adhere to the appellate court's determination of the applicable law. *Id.* at 3.

{¶11} Moreover, the Ohio Supreme Court also concluded by affirming our decision that standing was not established. "A final judgment, by the highest court, is a final determination of an individual's rights." *Indiana Ins. Co. v. Farmers Ins. Co.*, 5th Dist. Tuscarawas No. 2004 AP 07 0055, 2005-Ohio-1774, ¶ 30. It is undisputed that, after remand from the Supreme Court, the trial court was faced with the same record that the Supreme Court reviewed in rendering its decision. Consequently, the trial court was obliged to follow the Supreme Court's directive. The law of the case and res judicata prevents us from reexamining the evidence to determine whether U.S. Bank was the holder of the note at the time the complaint was filed.

{¶12} We conclude the trial court did not err by dismissing the action on remand. The Supreme Court affirmed our holding in *Perry I*, based on the *Schwartzwald* decision.

In *Schwartzwald*, the court specifically held that the jurisdiction of the court must be determined "as of the filing of the complaint." ¶ 3. Here, the court could not determine standing at the time the complaint was filed because the evidence was not definitive regarding standing at the time of filing. Because the dismissal was without prejudice, U.S. Bank can refile the action when it has uncontroverted evidence of its standing. Therefore, it was not necessary for the trial court to conduct further proceedings regarding the standing issue. Accordingly, U.S. Bank's sole assigned error is overruled.

**{¶13}** Judgment is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR