[Cite as *In re L.B.*, 2022-Ohio-3122.]

STATE OF OHIO       )
                    )ss:
COUNTY OF SUMMIT   )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

IN RE: L.B.
     L.B.

C.A. Nos.    30239
                 30240

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.   DN-19-10-802
              DN-21-02-104

DECISION AND JOURNAL ENTRY

Dated: September 7, 2022

HENSAL, Presiding Judge.

**{¶1}** Appellant, Summit County Children Services Board ("CSB") appeals from two judgments of the Summit County Court of Common Pleas, Juvenile Division, that dismissed the dependency cases involving two minor children of M.B. ("Mother") because the complaints had not been properly served on the unknown fathers. Because Mother lacked standing to raise the issue of improper service on the fathers, this Court reverses and remands.

I.

**{¶2}** Mother is the biological mother of two children with the initials L.B. The older child was born November 8, 2017, and the younger child was born on February 8, 2021. Paternity of the two children was not established during the trial court proceedings.

**{¶3}** During September 2019, Mother contacted CSB to assist her in meeting her then-only child's basic needs. While the caseworker worked with Mother the following week, Mother

displayed symptoms of unstable mental health and expressed suicidal ideations. The child was removed from Mother's custody pursuant to Rule 6 of the Ohio Rules of Juvenile Procedure, Mother was involuntarily hospitalized for psychiatric treatment, and CSB filed a dependency complaint. The child was later adjudicated a dependent child and placed in the temporary custody of CSB.

{¶4} Approximately one year later, the younger L.B. was removed from Mother's custody shortly after birth. That child was also adjudicated a dependent child and placed in the temporary custody of CSB. During the trial court proceedings involving both children, Mother continued to struggle with unstable mental health and resulting criminal charges. After being incarcerated on charges of felonious assault in Cuyahoga County, Mother was again involuntarily hospitalized for psychiatric treatment. CSB eventually moved for permanent custody of both children.

{¶5} While the permanent custody motions were pending, Mother raised the issue of whether the children's juvenile cases should be dismissed because the complaints had not been properly served on the unknown fathers. Mother relied on this Court's then-recent decision in *In re C.H.*, 9th Dist. No. Summit 29995, 2021-Ohio-3992, which reversed a permanent custody judgment because improper service of the complaint on the appellant-mother had deprived her of due process because she had not been provided reasonable reunification efforts.

{¶6} CSB filed a brief in opposition to Mother's argument for dismissal of the cases, arguing that Mother had been properly served and lacked standing to raise the issue of improper service on behalf of the fathers because she had not argued or demonstrated that she suffered any prejudice from the service defect. Following a consideration of the issue, without addressing Mother's standing, the trial court dismissed both cases because service of the complaint and

summons on the unknown fathers had not complied with the Ohio Rules of Civil Procedure. CSB appeals from the dismissal of each child's case and raises one assignment of error.

{¶7} While the separate appeals were pending, this Court consolidated them and ordered the parties to brief the issue of whether CSB had appealed from a final, appealable order. After reviewing the parties' responses, this Court provisionally determined that CSB had appealed from a final, appealable order.

{¶8} Mother argued that CSB's rights were not affected by the dismissal because the agency could (and apparently did) file new dependency complaints. Filing new complaints would not adequately protect the rights and obligations of the agency to protect the children, however. At the time the trial court dismissed the dependency cases, the older child's case had been pending for more than two years and CSB was prepared to go forward on its motions for permanent custody of both children. In newly filed cases, the agency could not simply pick up where it left off but would have to start all over with proving the dependency of each child, and the children could potentially spend another year or two in temporary placements. For similar reasons, several other appellate districts have already determined that the juvenile court's dismissal of an agency's abuse, neglect, and/or dependency complaint on procedural grounds constituted a final, appealable order because the dismissal affected the agency's substantial rights under Revised Code Section 2505.02(B)(1) and/or (2). *See, e.g.*, *In re Z.B.*, 8th Dist. Cuyahoga Nos. 110500 and 110510, 2021-Ohio-3208; *In re S. Children*, 1st Dist. Hamilton No. C-170617, 2018-Ohio-5010; *In re W.W.*, 11th Dist. Lake No. 2009-L-162, 2010-Ohio-5305.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT DISMISSED CASES CONCERNING
BOTH CHILDREN, DESPITE SERVICE ON THEIR ABSENT FATHERS

BEING MADE ACCORDING TO THE RULES OF CIVIL PROCEDURE, RULES OF JUVENILE PROCEDURE, AND THE TRIAL COURT'S LOCAL RULES, MANDATING REVERSAL.

{¶9} CSB argues that the trial court erred in dismissing the two dependency cases due to defective service on the unknown fathers. Although CSB raises alternative arguments on appeal, this Court will focus on its argument that Mother lacked standing to request dismissal of the case on behalf of the unknown fathers.

{¶10} The trial court and Mother focused the arguments and resolution of this issue solely on this Court's decision in *In re C.H.*, 2021-Ohio-3992, but the facts of *In re C.H.* and Mother's challenge in this case are markedly different. To begin with, although the alleged service defect in this case also involved a failure to comply with the requirements of Civil Rule 4.4(A)(2) for service on a party by posting and mailing to the party's last known address, the last known addresses were not known in this case. Moreover, unlike the appellant-mother in *In re C.H.*, Mother was not a party directly affected by any service defect. *See In re C.H.* at ¶ 28-31. Mother does not dispute that she was properly served with the complaint. She raised this issue on behalf of the unknown fathers.

{¶11} Although Mother asserts that a defect in service on the fathers deprived the trial court of subject matter jurisdiction, she is mistaken. "It is undisputed that all Ohio juvenile courts have subject-matter jurisdiction over dependency cases. [Section] 2151.23(A)(1) provides that a juvenile court has "exclusive original jurisdiction * * * [c]oncerning any child who on or about the date specified in the complaint * * * is * * * alleged * * * to be a * * * dependent child." *In re Z.R.*, 144 Ohio St.3d 380, 2015-Ohio-3306, ¶ 16.

{¶12} The reason the trial court dismissed the complaints in these cases involved personal jurisdiction, not subject matter jurisdiction. "The juvenile court acquires personal jurisdiction over

a party in a custody proceeding once the party has been duly served with summons and provided notice of the proceedings." *In re H.T.*, 9th Dist. Summit No. 24087, 2008-Ohio-3436, ¶ 9. Mother does not dispute that the trial court had personal jurisdiction over her because she was properly served with the complaint and summons in each trial court case. She had the opportunity to participate in the adjudications, dispositions, and subsequent proceedings involving her children. At no time prior to the pendency of the permanent custody motions did Mother raise the issue of defective service upon the unknown fathers, nor did she argue or demonstrate that she suffered any prejudice as a result.

{¶13} Shortly after the trial court dismissed these two cases, this Court addressed the same argument in *In re X.H.*, 9th Dist. Summit Nos. 30115 and 30116, 2022-Ohio-779. As this Court explained when it rejected the argument raised by the mother who was properly served:

> This Court has previously considered a parent's appeal from an award of permanent custody where the agency had not perfected service of the permanent custody motion upon the other parent. *In re A.M.*, 9th Dist. Summit No. 26141, 2012-Ohio-1024. In that case, despite recognizing that unperfected service implicates a lack of personal jurisdiction which is waived when not properly preserved by objection, we acknowledged that "[a] reviewing court has discretion to ignore a waiver [of personal jurisdiction] in appropriate cases[.]" *Id.* at ¶ 13, 16. Addressing the parent's challenge to the lack of service upon the other parent, this Court held that the appealing parent must "demonstrate that she was 'actually prejudiced' by the [lack of service on the other parent] before she may assert [the alleged error] on her own behalf; otherwise she lacks standing to raise the issue." *Id.* at ¶ 18, quoting *In re Jordan*, 9th Dist. Summit Nos. 20773 and 20786, 2002 WL 121211 (Jan. 30, 2002). Moreover, an "argument [that] is entirely speculative * * * does not demonstrate actual prejudice[.]" *In re A.M.* at ¶ 21.

*Id.* at ¶ 9.

{¶14} The parties have not argued, nor does the record reveal, any reason to distinguish this case from *In re X.H.* Mother was properly served with the complaint and summons, had the opportunity to participate in reunification services throughout these cases, but did not timely raise an issue about defective service upon the fathers. Because Mother did not argue or demonstrate

that she was prejudiced by any defect in service on the fathers, the trial court should have denied her request to dismiss the cases involving L.B. and L.B. and permitted the parties to proceed to a hearing on the permanent custody motions. CSB's assignment of error is sustained for this reason.

III.

**{¶15}** CSB's assignment of error is sustained on this issue of Mother's lack of standing. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed and remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

———

JENNIFER HENSAL
FOR THE COURT

7

CALLAHAN, J.
SUTTON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE CORGAN, Assistant Prosecuting Attorney, for Appellant.

WESLEY C. BUCHANAN, Attorney at Law, for Appellee.

JOSEPH KERNAN, Guardian ad Litem.

AVIVA WILCHER, Guardian ad Litem.