[Cite as *In re O.V.*, 2024-Ohio-2620.]

STATE OF OHIO            )          IN THE COURT OF APPEALS
                         )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT         )

IN RE: O.V.                         C.A. Nos.    30899
                                                 30933


                                    APPEAL FROM JUDGMENT
                                    ENTERED IN THE
                                    COURT OF COMMON PLEAS
                                    COUNTY OF SUMMIT, OHIO
                                    CASE No.     DN 22-09-814


DECISION AND JOURNAL ENTRY

Dated: July 10, 2024

---

SUTTON, Judge.

{¶1} Appellants Mother and Father appeal the judgment of the Summit County Court of Common Pleas, Juvenile Division, that adjudicated their child dependent. This Court reverses and remands.

I.

{¶2} Mother and Father are the biological parents of O.V., born October 20, 2014. Mother is the sole legal custodian of the child. She is also the biological mother of T.H. and an adult daughter ("Mya"), who were 16 and 20 years old, respectively, when Summit County Children Services Board ("CSB" or "the agency") became involved with the family. Father is not the biological father of T.H. or Mya.

{¶3} In September 2022, Akron police officers responded to a call allegedly involving a woman who was arguing and brandishing a firearm at McDonald's employees after they refused

to serve her when she walked up to the drive through window. The reporting source gave a description of the woman and stated that there was a young child with the woman. After briefly talking to the McDonald's employees, two police officers set out in search of the woman who had left the scene. They found a woman and child matching the descriptions a block away at another fast-food restaurant. The woman and child were identified as Mother and then-seven-year-old O.V.

**{¶4}** The police found what appeared to be a loaded firearm in Mother's purse. Mother admitted to the officers that she was on probation and had prior felony convictions that prohibited her from carrying a firearm. Before placing Mother under arrest, the police asked her if there was an appropriate relative who could care for O.V. Mother identified her oldest daughter Mya who she said was currently caring for 16-year-old T.H.

**{¶5}** After Mother was arrested and taken to jail, the officers went to Mya's home. They invoked Juv.R. 6 to remove both minor children and notified CSB so that the agency could properly vet Mya as a placement for O.V. and T.H. While the police found nothing inappropriate at the home, CSB conducted a background check on Mya and declined to place the children in her home.

**{¶6}** CSB filed complaints regarding each minor girl. The agency alleged that O.V. was an abused, neglected, and dependent child; and that T.H. was neglected and dependent. Both parents appeared and waived their rights to a shelter care hearing, stipulating to a finding of probable cause for the children's removal, an emergency order of temporary custody to CSB, and placement with their maternal aunt.

**{¶7}** Father appeared for the adjudicatory hearing. Mother did not, although her attorney was present on her behalf. After an evidentiary hearing, the magistrate issued a decision in which he found that CSB had not met its burden of proving that O.V. was abused or neglected, or that

T.H. was neglected. The magistrate adjudicated both girls dependent, however, under R.C. 2151.04(C) based on (1) Mother's unavailability due to her incarceration, and (2) the impropriety of Mya as a caregiver for the children. The magistrate expressly relied on evidence he elicited over the parents' hearsay objections regarding the substance of the agency's background check on Mya. Thereafter, the magistrate placed the children in the temporary custody of CSB and adopted the agency's case plan as an order after a dispositional hearing.

{¶8} Mother and Father filed timely objections to the magistrate's adjudicatory decisions. Mother did not articulate any grounds in her preliminary objection, while Father cited the improper admission of evidence, the lack of clear and convincing evidence of dependency, violations of R.C. 2151.28(L) and 2151.4116, and the magistrate's failure to make findings regarding and the agency's failure to use statutorily required reasonable efforts. Both parents filed supplemental objections. Father withdrew his objections relating to violations of R.C. 2151.28(L) and 2151.4116, while maintaining and developing his remaining objections. Mother challenged the adequacy of the evidence to support dependency findings, the admission of improper evidence, and the lack of findings and use of reasonable efforts. CSB did not file a brief in opposition.

{¶9} The juvenile court sustained the parents' objections in part. It found that the magistrate had relied on inadmissible hearsay to adjudicate both girls dependent. The trial court rejected the magistrate's dependency adjudication of T.H., found that child was not dependent, and dismissed the agency's complaint as to the 16 year old. The juvenile court, however, found that O.V. was a dependent child based upon its independent review of the record. The totality of the trial court's reasoning was as follows:

> Unlike [T.H.], the testimony by both the police officer and the caseworker clearly indicated that [O.V.] was present when the incident occurred at McDonald's. Mother walked through the drive-thru lane with [O.V.] and engaged in an argument and/or fight with McDonald's staff while carrying a loaded weapon. Given

Mother's actions, the risk of harm to [O.V.] was significant enough [ ] "to warrant the state, in the interests of the child, in assuming the child's guardianship."

In further ruling on the parents' objections, the trial court agreed with them that the magistrate had failed to make the required reasonable efforts findings and, therefore, remanded the matter to the magistrate to do so in O.V.'s (the only remaining) case.

{¶10} Mother and Father each appealed to this Court. We dismissed those appeals by journal entry for lack of a final, appealable order because "additional action [was] contemplated" by the juvenile court. *In re O.V.*, C.A. Nos. 30649 and 30686 (June 13, 2023).

{¶11} The magistrate reissued an adjudicatory decision identical to its prior one, with the exception that it now included a finding that CSB had used reasonable efforts to prevent the children's continued removal from home. Substantively, the magistrate found both O.V. and T.H. dependent for the reasons articulated in the original decision. Mother and Father filed objections. Both parents raised the law of the case doctrine, improper admission of evidence, and inadequacy of the evidence to support the dependency findings. Mother also challenged CSB's use of reasonable efforts. The agency responded in opposition, asserting that the juvenile court had already determined that the magistrate erroneously admitted and relied on inadmissible hearsay evidence and that O.V. was dependent based on Mother's having exposed the child to behavior that put the child at risk and, therefore, warranting the state's guardianship.

{¶12} The juvenile court issued a judgment overruling Mother's and Father's objections. Because the trial court had remanded the matter to the magistrate solely for the purpose of making a reasonable efforts determination, it vacated the magistrate's decision to the extent it addressed anything other than the matter for which the court remanded. The juvenile court then noted that it had previously ruled on all the pending objections except Mother's new challenge to the agency's use of reasonable efforts. Accordingly, asserting that its prior judgment addressing those issues

remained in full force and effect, the court overruled Father's objections and all but one of Mother's objections as moot. Included in that prior judgment was an order adjudicating O.V. a dependent child. The juvenile court overruled Mother's remaining objection regarding CSB's use of reasonable efforts, finding that the agency had met its statutory obligation.

{¶13} Mother and Father timely appealed. Each raises multiple assignments of error. This Court rearranges and consolidates some assignments of error to facilitate our review.

II.

**FATHER'S ASSIGNMENT OF ERROR I**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT EXPLICITLY MAKING A SPECIFIC RULING ON EACH ONE OF FATHER'S OBJECTIONS, AND THEREFORE THE TRIAL COURT FAILED TO ISSUE A FINAL, APPEALABLE ORDER.

{¶14} Father argues that the juvenile court failed to rule on all his objections, rendering the trial court's judgment a nonfinal order over which this Court lacks subject matter jurisdiction. We disagree.

{¶15} Father asks us to, alternatively, reverse one of our prior opinions; resolve an alleged interdistrict conflict; or resolve an alleged intradistrict conflict, to inure in his favor. As Father has misconstrued the procedural history of this case in the juvenile court, this Court need not address any of his alternative arguments.

{¶16} Father asserts that he raised five distinct objections below, but that the juvenile court failed to rule on three of those. First, he claims that the trial court failed to address arguments that the magistrate failed to comply with R.C. 2151.28(L), requiring the magistrate to make express findings of fact and conclusions of law relating to any finding of dependency; and that CSB failed to comply with R.C. 2151.4116, requiring the agency to "make intensive efforts to identify and engage an appropriate and willing kinship caregiver for the care of a child" in agency custody.

While Father raised these issues in his preliminary objection, he expressly withdrew those two objections in his supplemental brief. He did not raise these issues again in his renewed objections after the magistrate issued his decision after remand for a reasonable efforts determination. Accordingly, those issues were not before the juvenile court for consideration.

{¶17} Second, Father asserts that the trial court failed to rule on his challenge to the introduction of inadmissible hearsay evidence at the adjudicatory hearing. A review of the juvenile court's initial judgment entry addressing the parents' objections demonstrates that the trial court not only ruled on that issue, but sustained the objection. Accordingly, it rejected that magistrate's finding of dependency as he based that determination on consideration of inadmissible hearsay. The juvenile court then found O.V. dependent based on evidence it found was admissible, specifically, Mother's exposure of the child to a significant risk of harm. Father's first assignment of error is overruled.

## MOTHER'S ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED THEIR DISCRETION WHEN IT PERMITTED AND CONSIDERED EVIDENCE THAT WAS INADMISSIBLE UNDER THE RULES OF EVIDENCE.

## FATHER'S ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING FATHER'S OBJECTIONS TO THE MAGISTRATE'S ADJUDICATORY DECISION BY CONSIDERING INADMISSIBLE EVIDENCE THAT VIOLATED THE RULES OF EVIDENCE.

{¶18} Mother and Father argue that the juvenile court considered inadmissible hearsay evidence in determining that O.V. is a dependent child. This Court disagrees.

{¶19} Mother and Father argue that the trial court erred by admitting the agency caseworker's testimony relating to the substance of the background check CSB performed on Mya.

It was that evidence on which the magistrate relied to find that both T.H. and O.V. were dependent because Mother had not proposed an appropriate caregiver for the girls in her absence due to her arrest.

{¶20} It is well settled that "[a]ny claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." (Internal quotations omitted) *In re S.S.*, 9th Dist. Wayne No. 21AP0022, 2023-Ohio-245, ¶ 27, quoting *Wallace v. Wallace*, 9th Dist. Summit No. 25719, 2011-Ohio-4487, ¶ 14. "Accordingly, in reviewing [these] assignment[s] of error, we must limit our discussion to the errors alleged on the part of the trial court." *In re S.S.* at ¶ 39, citing *Michael v. Michael*, 9th Dist. Wayne No. 20AP0010, 2021-Ohio-992, ¶ 21.

{¶21} Although the magistrate both elicited and relied on the challenged hearsay evidence to find the children dependent, the juvenile court cured that error when it sustained the parents' objections on that issue. Specifically, the trial court concluded that "the testimony the caseworker provided regarding the background check was inadmissible hearsay." The juvenile court then relied on other evidence to find that O.V. was dependent. As the trial court did not admit or rely on the evidence Mother and Father challenge on appeal, the parents' second assignments of error are overruled.

### MOTHER'S ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING THAT O.V. WAS A DEPENDENT CHILD UNDER R.C. 2151.04(C) AS IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

### FATHER'S ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND VIOLATED FATHER'S RIGHTS TO DUE PROCESS IN FINDING THAT THE CHILD WAS A DEPENDENT CHILD UNDER R.C. 2151.04(C), AS THAT FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶22}** Mother and Father argue that the juvenile court's finding that O.V. is a dependent child is against the manifest weight of the evidence presented. This Court agrees.

**{¶23}** A child welfare agency initiates a juvenile dependency, neglect, and/or abuse case by filing a complaint in the juvenile court. *See* Juv.R. 22(A); Juv.R. 10; R.C. 2151.27(A). The complaint is "the legal document that sets forth the allegations that form the basis for juvenile court jurisdiction." Juv.R. 2(H). The juvenile court must base its adjudication on the evidence adduced at the adjudicatory hearing to support the allegations in the complaint. *See In re Hunt*, 46 Ohio St.2d 378, 380 (1976). If the agency fails to prove the allegations in the complaint by clear and convincing evidence at the adjudicatory hearing, the juvenile court must dismiss the complaint. Juv.R. 29(F)(1); R.C. 2151.35(A)(1). Clear and convincing evidence is that which will "produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." (Internal quotations omitted.) *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368 (1985), quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶24}** This Court reviews a manifest weight challenge to an adjudicatory finding as follows:

> In determining whether the juvenile court's adjudication of dependency is against the manifest weight of the evidence, this court [reviews] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [adjudication] must be reversed[.]

(Alterations sic.) *In re R.L.*, 9th Dist. Summit No. 28387, 2017-Ohio-4271, ¶ 8, quoting *In re C.S.*, 9th Dist. Summit No. 26178, 2012-Ohio-2884, ¶ 5, quoting *In re A.W.*, 195 Ohio App.3d 379, 2011-Ohio-4490, ¶ 8 (9th Dist.).

**{¶25}** Mother and Father challenge the finding that O.V. is dependent pursuant to R.C. 2151.04(C), which defines a "dependent child" as one "[w]hose condition or environment is such

as to warrant the state, in the interests of the child, in assuming the child's guardianship[.]" This Court recognizes that

> [a] dependency finding under R.C. 2151.04(C) does not require specific parental fault; rather the focus is on the child's situation to determine whether the child is without proper or adequate care or support. The conduct of the parent is relevant only insofar as it forms a part of the child[ ]'s environment and it is significant only if it has a detrimental impact on [him].

(Internal citations and quotations omitted.) *In re A.S.*, 9th Dist. Summit No. 29472, 2020-Ohio-1356, ¶ 10, quoting *In re I.T.*, 9th Dist. Summit Nos. 27513, 27560, and 27581, 2016-Ohio-555, ¶ 32.

{¶26} In its complaint, CSB described an incident at McDonald's where, in response to the restaurant's refusal to serve her as a walk-up patron to the drive-thru window, Mother yelled at employees and "brandished" and "racked" a firearm before leaving with O.V. The agency further alleged that there was a discussion in Mother's absence at a team decision meeting before the complaint was filed regarding "Mother's mental health and drug use." Ultimately, CSB alleged that O.V. was "at risk due to Mother's brandishing a weapon; alleged mental health issues; and alleged illicit drug use."

{¶27} At the adjudicatory hearing, however, the agency did not present any evidence of mental health or substance abuse issues relating to Mother. Instead, CSB focused only on the alleged incident at McDonald's. In fact, the caseworker specifically admitted in response to questioning by Father's attorney that the agency had no concerns regarding Mother "other than the report of the [McDonald's] incident[.]" However, CSB presented no admissible evidence as to what occurred at McDonald's.

{¶28} The agency did not call any witnesses from McDonald's to describe the alleged encounter with Mother. The police officer testified that he spent "[u]nder a minute" interviewing

anyone at McDonald's before leaving to look for the described woman. He was not asked to and did not explain the nature of the alleged incident, even as it might have related to his course of action or any safety precautions he might have taken. CSB did not attempt to admit the police report into evidence. While the police officer did not describe the report of the incident, he testified that when he and his partner located Mother, she had a loaded firearm in her purse. After receiving *Miranda* warnings, Mother admitted that a prior felony conviction prohibited her from possessing a firearm. The police officer did not testify whether O.V. saw the firearm or was otherwise aware of it. Both the officer and the caseworker testified that they had no concerns about O.V. based on her appearance and demeanor.

{¶29} As to the agency's involvement, when the caseworker testified over the parents' objections regarding Mother's alleged conduct and behavior underlying the McDonald's incident, the magistrate informed the parties: "And for the record I will discount all of that, other than [CSB] responded to a report of an incident at the McDonald's[.]" CSB did not object to the exclusion of that evidence. Nevertheless, the juvenile court relied, at least in part, on the evidence the magistrate had excluded from the record. To the extent that the juvenile court recited facts not in evidence as to Mother's conduct at McDonald's to find O.V. dependent, that finding was not supported by the evidence.

{¶30} To the extent that the juvenile court premised its finding of dependency on Mother's placing herself at risk for arrest by appearing to possess a firearm while under disability, and thereby being unavailable to care for O.V., this Court assumes for the sake of argument that those circumstances supported the dependency finding. However, Mother identified an appropriate caregiver for the child in her absence. CSB alleged in its complaint that Mother had arranged for Mya to care for both T.H. and O.V. during a prior term of Mother's incarceration. When asked in

this case whether there was an appropriate and available family member who could provide care for O.V., Mother again identified Mya. The police officer testified that he visited Mya's home and had no concerns. CSB presented no admissible evidence that Mya, Mother's chosen alternative caregiver for her minor children, was not appropriate.

{¶31} This Court has previously reversed an R.C. 2151.04(C) dependency adjudication where the agency alleged there was no known, appropriate caregiver for the child upon the mother's arrest, even though the mother identified a relative who could care for her child in her absence. *In re T.D.*, 9th Dist. Medina No. 15CA0081-M, 2016-Ohio-7729. In that case, the police officer who arrested the mother let her contact a suitable relative to retrieve the child. *Id.* at ¶ 3. This Court concluded that the agency failed to meet its burden of proving that the mother's proposed caregiver was unsuitable. *Id.* at ¶ 12.

{¶32} In the case of O.V., the police officer testified that he asked Mother at the time of her arrest if there was an appropriate relative who was available to care for O.V. Mother identified Mya. The officer visited Mya's home and had no concerns about O.V.'s safety or welfare in that environment. CSB did not present any admissible evidence that Mya was an unsuitable caregiver for the child.

{¶33} Some of our prior caselaw has upheld dependency adjudications when a parent merely asserted that she hoped the couple she identified would take care of her infant, *In re L.T.*, 9th Dist. Summit No. 29987, 2021-Ohio-4499, ¶ 20, and when the grandparents who were helping to take care of their grandchildren had only been doing so because the agency had earlier arranged for and encouraged their involvement based on concerns with the parents' care. *In re F.R.*, 9th Dist. Lorain No. 14CA010543, 2015-Ohio-1877, ¶ 11-14. Those cases are distinguishable from O.V.'s case, as, here, the police asked Mother to identify an appropriate caregiver for the child,

the police officer had no concerns about Mya's suitability, CSB presented no admissible evidence of Mya's unsuitability, the agency alleged in its complaint that Mother had relied on Mya to care for her children in her absence on another occasion, and Mya's assumption of care for O.V. was not based on a prior arrangement by CSB. Under these circumstances, this Court concludes that the juvenile court's finding that O.V. is a dependent child is against the manifest weight of the evidence because Mother identified an appropriate relative caregiver for the child upon her arrest. Mother's first and Father's third assignments of error are sustained.

### III.

{¶34} Father's first and second assignments of error and Mother's second assignment of error are overruled. Mother's first and Father's third assignments of error are sustained. As this Court has concluded that the juvenile court's finding that O.V. is a dependent child is against the manifest weight of the evidence, the judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed and the case remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
CONCURRING.

{¶35} I respectfully concur with the majority opinion but write separately to emphasize the effect of the agency's failure to produce credible evidence on my decision. If the agency had produced credible evidence regarding Mother's alleged brandishing a weapon while with her daughter at the McDonald's' drive thru as alleged in its complaint, I may have affirmed the trial court's opinion. If the agency had produced credible evidence that Mother had substance abuse or mental health issues as it alleges in its complaint, I may have affirmed the trial court's opinion. Lastly, if the agency had produced admissible evidence that the caregiver she suggested could care for her children had a warrant for her arrest, I may have affirmed the trial court's opinion. I find it is the agency's failure to produce evidence to support its claims that requires reversal in this case and not that these specific allegations are incapable of supporting a finding of a dependent child if properly supported by credible evidence.

FLAGG LANZINGER, J.
DISSENTING.

{¶36} I respectfully dissent from the majority opinion because I would dismiss this appeal for lack of a final, appealable order.

{¶37} "In order for a judgment to be final and appealable, a trial court cannot merely adopt a magistrate's decision; it must enter its own judgment that sets forth 'the outcome of the dispute and the remedy provided.'" *In re T.M.*, 2024-Ohio-2479, ¶ 29 (9th Dist.) (Flagg Lanzinger, J., dissenting), quoting *Miller v. McStay*, 2006-Ohio-2282, ¶ 4 (9th Dist.). "The trial court must do so in a manner 'such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined.'" *Id.*, quoting *Miller* at ¶ 4. "Where 'the trial court's filing improperly requires the parties to refer to and compare two separate documents to understand their rights and obligations,' the order is not final and appealable." *Id.*, quoting *In re P.L.H.*, 2020-Ohio-7029, ¶ 7 (2d Dist.).

{¶38} Here, after remand, the juvenile court issued a judgment entry overruling the parents' objections. In doing so, the juvenile court indicated that "[a]ll prior orders not inconsistent herein shall remain in full force and effect." Included in the juvenile court's prior judgment was an order adjudicating O.V. a dependent child. Its judgment entry, therefore, does not dispose of all of the matters at issue between the parties "such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined." *Miller* at ¶ 4. While the juvenile court's judgment entry states that "[a]ll prior orders not consistent herein shall remain in full force and effect[,]" I would conclude that a judgment entry that requires the parties to "refer to and compare two separate documents to understand their rights and obligations" is not a final, appealable order. *In re P.L.H.* at ¶ 7.

{¶39} Because the juvenile court's judgment entry does not dispose of all of the matters at issue between the parties, I would dismiss this appeal for lack of a final, appealable order. *See Miller* at ¶ 4. Accordingly, I respectfully dissent.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

JASON WALLACE, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

JAMES E. BRIGHTBILL, Guardian ad Litem.