[Cite as *In re O.V.*, 2025-Ohio-1436.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: O.V.

C.A. Nos.    31178
                      31179

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DN 22 09 0814

DECISION AND JOURNAL ENTRY

Dated: April 23, 2025

---

FLAGG LANZINGER, Presiding Judge.

{¶1}    Appellants, N.J. ("Mother") and O.V. ("Father"), appeal from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that dismissed this case without prejudice following this Court's reversal and remand of the dependency adjudication of their minor child. *See In re O.V.*, 2024-Ohio-2620, ¶ 34 (9th Dist.).  This Court reverses the dismissal and remands the case to the trial court to allow the parties to be heard before the trial court makes an explicit determination about how it will execute this Court's judgment from the prior appeal.

I.

{¶2}    Mother and Father are the biological parents of O.V., born October 20, 2014. Although this case has a lengthy procedural history, this Court will confine its review to the basic facts relevant to this appeal.

{¶3}    On September 14, 2022, Akron Police removed O.V. from Mother's custody pursuant to Juv.R. 6.  The next day, Summit County Children Services Board ("CSB") filed a

complaint to allege that O.V. was an abused (endangered), neglected, and dependent child. The complaint included allegations that Mother, while with O.V., threatened an employee at a local McDonald's restaurant with a loaded handgun. The police later found Mother in possession of a loaded handgun and, because she was on probation and had prior felony convictions, arrested her for carrying a weapon while under disability. At the time of Mother's arrest, she identified an adult daughter who would be able to care for O.V. CSB investigated the adult daughter and ruled her out as a potential placement for O.V. Consequently, CSB sought and obtained emergency temporary custody of O.V.

{¶4} The case later proceeded to an adjudicatory hearing before a magistrate, after which the magistrate adjudicated O.V. dependent. Both parents filed timely objections to the magistrate's initial adjudicatory decision, as well as its subsequent decision issued after the trial court sustained some of the parents' objections and remanded the case to the magistrate to make reasonable efforts findings. Ultimately, the trial court overruled the parents' objections on the merits of the decision, adjudicated O.V. a dependent child under R.C. 2151.04(C), and continued her in the temporary custody of CSB. Both parents timely appealed to this Court.

{¶5} On appeal, before reviewing the evidentiary merits of the trial court's adjudicatory decision, this Court emphasized that the trial court had explicitly found the child dependent under R.C. 2151.0(C) because:

> the testimony by both the police officer and the caseworker clearly indicated that [O.V.] was present when the incident occurred at McDonald's. Mother walked through the drive-thru lane with [O.V.] and engaged in an argument and/or fight with McDonald's staff while carrying a loaded weapon. Given Mother's actions, the risk of harm to [O.V.] was significant enough [ ] "to warrant the state, in the interests of the child, in assuming the child's guardianship."

*In re O.V.*, 2024-Ohio-2620, ¶ 9 (9th Dist.).

**{¶6}** After reviewing the record, this Court emphasized that the evidence at the adjudicatory hearing had focused primarily on the alleged incident at McDonald's, yet the agency "presented no admissible evidence as to what occurred" there. *Id*. at ¶ 27. CSB did not present any evidence to support its allegations that Mother had placed O.V. at risk by getting into an altercation with a McDonald's employee and/or by brandishing a loaded weapon. *Id*. at ¶ 27-28. This Court further found that CSB had failed to prove any of its alternative allegations for dependency. *Id*. at ¶ 30-33. Consequently, this Court reversed the adjudicatory decision and remanded the case to the trial court "for further proceedings consistent with this opinion." *Id*. at ¶ 34.

**{¶7}** The day after this Court's decision was released, Father moved the trial court to dismiss the case *with prejudice*, asserting that this Court had reversed the adjudicatory decision based on its lack of substantive merit. He argued that CSB's failure to prove the child's dependency should operate as res judicata and preclude the agency from filing another complaint based on the same facts, i.e., the incident at McDonald's and Mother's subsequent arrest on the weapons charge. The trial court scheduled the matter for an attorney conference with the trial judge, to be held on July 24 at 12:45 p.m.

**{¶8}** Two days before the date set for the conference, CSB filed a two-sentence motion to dismiss the complaint *without prejudice*. It did not mention this Court's reversal and remand of the prior adjudicatory decision but instead stated merely that it could not schedule an adjudicatory hearing within the ninety-day statutory requirement. *See* R.C. 2151.35(B)(1). Within 20 minutes, both a magistrate and the trial judge dismissed the case *without prejudice*. A handwritten notation on the trial court's dismissal order further stated that the "[h]earing scheduled for July 24, 2024 is cancelled[.]" The trial court's dismissal order made no reference to this Court's reversal and

remand of the adjudicatory decision, and it gave no explanation for why the dismissal was entered without prejudice and/or why it had cancelled the hearing on Father's motion.

{¶9} Mother and Father appeal and each raise one assignment of error. This Court will address their assigned errors together because they are closely related.

II.

### MOTHER'S ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED PLAIN AND REVERSIBLE ERROR, WHILE ALSO VIOLATING APPELLANT'S RIGHT TO DUE PROCESS, WHEN IT GRANTED [CSB'S] MOTION TO DISMISS ITS COMPLAINT WITHOUT PREJUDICE FOLLOWING A COURT OF APPEALS' DECISION THAT A FINDING OF DEPENDENCY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

### FATHER'S ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY GRANTING [CSB'S] MOTION TO DISMISS ITS COMPLAINT WITHOUT PREJUDICE, AFTER THE COURT OF APPEALS HAD ALREADY REVERSED THE TRIAL COURT'S FINDING OF DEPENDENCY AS BEING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶10} Mother and Father challenge the trial court's dismissal of this case without prejudice. They assert that the dismissal of the case should have been *with prejudice* rather than without prejudice, given that this Court had reversed the adjudication on appeal and remanded the matter to the trial court for further proceedings consistent with the decision. They further assert that the trial court denied them due process, because it canceled the hearing previously scheduled on Father's motion and otherwise failed to give notice or allow the parents to be heard on whether the dismissal of the case should have been with or without prejudice to CSB's refiling of a complaint alleging the same facts.

{¶11} Although the parties do not dispute the appealability of the trial court's dismissal of this case, this Court must initially determine our jurisdiction to hear this appeal, as appellate

jurisdiction is limited to the review of trial court orders that are final and appealable. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02(C). A final order "'dispos[es] of the whole case or some separate and distinct branch thereof.'" *Crown Services, Inc. v. Miami Valley Paper Tube Co.*, 2020-Ohio-4409, ¶ 13, quoting *Lantsberry v. Tilley Lamp Co., Ltd.*, 27 Ohio St.2d 303, 306 (1971).

{¶12} R.C. 2505.02(B)(2) further defines an order as final and appealable if it "affects a substantial right made in a special proceeding[.]" This dependency action is governed by a statutory scheme set forth in R.C. Chapter 2151 that was not recognized by common law. *In re Adams*, 2007-Ohio-4840, ¶ 43. Consequently, Mother and Father appeal from an order that was made in a special proceeding. *Id.* "An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993).

{¶13} Generally, dismissal of a complaint "without prejudice" does not affect a substantial right and is not a final, appealable order because it is not an adjudication on the merits and does not prevent the party from refiling. *State ex rel. DeDonno v. Mason*, 2011-Ohio-1445, ¶ 2. "A dismissal without prejudice leaves the parties as if no action had been brought at all." *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596 (1999), quoting *DeVille Photography, Inc. v. Bowers*, 169 Ohio St. 267, 272 (1959). This Court has recognized exceptions to this general rule, however, in cases in which the appealing parties have suffered prejudice to their substantial rights by the dismissal of the case, even though it was "without prejudice." *See*, *e.g.*, *In re L.B.*, 2022-Ohio-3122 (9th Dist.); *Ward v. Summa Health Sys.,* 2009-Ohio-4859 (9th Dist).

{¶14} In this case, the trial court dismissed the case without prejudice, despite the prior adjudication on the merits, which this Court had reversed and remanded "for further proceedings

consistent with this opinion." *In re O.V.*, 2024-Ohio-2620, at ¶ 34 (9th Dist.). The Eighth Appellate District has recognized that a dismissal without prejudice may be appealable in circumstances like this, in which the appellants alleged that the trial court dismissed the case without prejudice in direct contravention to the mandate on remand after a reversal of the case by the court of appeals. *See Olive Oil, LLC v. Cleveland Elec. Illum. Co.*, 2023-Ohio-2487 (8th Dist.); *U.S. Bank Natl. Assn. v. Perry*, 2013-Ohio-3814 (8th Dist.).

{¶15} In *Olive Oil*, the appellate court had previously reversed and remanded the case for the trial court to hold a hearing on specific issues. 2023-Ohio-2487, at ¶ 25 (8th Dist.). On remand, the trial court instead dismissed the case without prejudice. *Id*. The appellate court concluded that the trial court's dismissal without prejudice had, in effect, operated as a dismissal with prejudice, and that it had been "entered in contravention of the special mandate from this court[.]" *Id*. at ¶ 24-25. Therefore, the appellate court vacated the trial court's dismissal on remand and again remanded the case for the trial court to carry out its previous mandate. *Id*. at ¶ 26.

{¶16} In *Perry*, the Eighth District more clearly recognized an exception to the general rule that a dismissal without prejudice in not appealable, solely based on the appellant's allegation that the trial court had failed to follow the appellate court's mandate on remand. 2013-Ohio-3814, at ¶ 5, fn. 1 (8th Dist.). The appellate court ultimately affirmed the trial court's decision, finding that the court had complied with its remand, but it first considered the merits of the appeal and the arguments raised by appellate counsel. *Id*. at ¶ 12. In a lengthy footnote, the court explained that, although a dismissal without prejudice is generally not final and appealable, the appellant raised an argument that affected its substantial rights. *Id*. at ¶ 5, fn. 1. The court explained that it had jurisdiction to review the merits of the appellant's argument on appeal (that the trial court failed to

follow its mandate on remand) because, if it did not hear the appeal at that time, the appellants would be prevented from ever raising that challenge. *Id.*

{¶17} This Court agrees with that reasoning. If we do not allow this appeal to go forward, given that the trial court has dismissed the case, the appellants will forever be precluded from challenging whether the trial court complied with this Court's mandate on remand. The trial court dismissed this case, so neither the trial court nor this Court would have jurisdiction in any subsequent case to revisit the trial court's actions in this case on remand.

{¶18} Therefore, this Court concludes that it has jurisdiction to review the merits of this appeal. Although the parents assert that this Court's reversal of the adjudicatory decision and mandate on remand required the trial court to dismiss this case with prejudice, this Court did not explicitly mandate that the trial court dismiss the case with prejudice. Unlike the facts in the Eighth District cases cited above, this Court did not provide specific instructions to the trial court on remand. Instead, we remanded the case "for further proceedings consistent with this opinion[]" and left it to the trial court's discretion to determine how to carry this Court's judgment into execution. *In re O.V.*, 2024-Ohio-2620, at ¶ 34 (9th Dist.).

{¶19} Consequently, in this appeal, we are asked to review whether the trial court abused its discretion in implementing this Court's mandate on remand. We recognize that there may be merit to the parents' argument that, in light of this Court's reversal on the merits of the adjudication, the trial court should have dismissed this case with prejudice. *See*, *e.g.*, *In re J.Y.*, 2018-Ohio-2405, ¶ 14 (8th Dist.). This Court cannot determine from the record, however, whether the trial court actually considered and rejected this argument. It does not appear from the record that the trial court's dismissal of this case was an attempt to comply with this Court's mandate on remand, as

the dismissal order did not refer to this Court's prior reversal and remand or offer any reason why it dismissed the case without prejudice.

**{¶20}** It was for the trial court, in the first instance, to consider the parents' argument that the case should have been dismissed with prejudice. This Court sits as a reviewing court and cannot "review" a trial court determination that was not set forth on the record. *See, e.g., In re A.S.*, 2020-Ohio-1356, ¶ 24 (9th Dist.). Moreover, the trial court filed the dismissal order twenty minutes after CSB filed its motion, without giving the parents prior notice or opportunity to be heard on this issue. The trial court cancelled the previously scheduled hearing, which would have allowed the parties to be heard on how they believed the trial court should have implemented this Court's mandate on remand. This Court agrees that the trial court denied the parents due process by failing to allow them to be heard on this issue before dismissing the case. The parents' assignments of error are sustained for that reason.

III.

**{¶21}** Mother's and Father's assignments of error are sustained, insofar as they assert that they were denied notice and an opportunity to be heard before the trial court dismissed the case without prejudice. The judgment of the Summit County Court of Common Pleas, Juvenile Division, dismissing this case is reversed. The case is remanded to the trial court to explicitly determine how this case will proceed, given this Court's reversal and remand on the merits of the dependency adjudication in *In re O.V.*, 2024-Ohio-2620 (9th Dist.). Prior to making that determination, the trial court shall provide the parties with sufficient notice and an opportunity to be heard on this issue.

Judgment reversed
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

 

JILL FLAGG LANZINGER
FOR THE COURT

 

SUTTON, J.
CONCURS IN JUDGMENT ONLY.

STEVENSON, J.
CONCURRING.

{¶22} I concur with the majority's judgment but write separately to issue a word of caution regarding finality of orders and our remand in this case.

{¶23} I agree that generally the dismissal of a case without prejudice is not a final order but that there are exceptions to that rule when a party has had their substantial rights affected. I would add that when the party attempting to appeal is the party that brought the action in the first instance, it is very unlikely that the order is final as that party generally has complete control of

whether it brings a second action, so that party's substantial rights are not as likely to be affected. However, when it is the party defending the action that is attempting to appeal, there is a greater likelihood that their substantial rights are affected because they may lose favorable rulings from the first proceedings. If responding parties lose favorable rulings, the dismissal may leave them in a worse position than when the case was originally remanded. Thus, courts should be cautious in extending the rationale of this case to plaintiffs and other parties bringing suits who are seeking to appeal a dismissal of an action without prejudice.

{¶24} I also note that the majority cites *In re J.Y.*, 2018-Ohio-2405 (8th Dist.), for the proposition that parents may be correct that the case should have been dismissed with prejudice. It is possible that they may not be correct as well. In their prior appeal to this Court, the parents did not argue that the trial court's judgment was not supported by "sufficient" evidence, but only that it was against the "manifest weight" of the evidence. Consequently, this Court explicitly reversed and remanded the dependency adjudication because it was against the manifest weight of the evidence. *In re O.V.*, 2024-Ohio-2620, ¶ 34 (9th Dist.). It is well-settled that, "[i]f a court of appeals determines that a judgment is against the manifest weight of the evidence, the proper remedy is a remand for a new trial." *In re Z.C.*, 2023-Ohio-4703, ¶ 16.

{¶25} I agree on the record before us that the trial court denied the parents due process by failing to allow them to be heard after the agency filed its motion. Accordingly, I concur with the majority's decision that this matter should be reversed and remanded so the trial court can decide in the first instance whether the matter should be dismissed with or without prejudice only after providing the parties with sufficient notice and opportunity to be heard.

APPEARANCES:

JASON D. WALLACE, Attorney at Law, for Appellant.

NEIL P. AGARWAL, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

JAMES E. BRIGHTBILL, Guardian ad Litem.